

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2007

# In Re: Michael Hodge

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Michael Hodge " (2007). *2007 Decisions.* Paper 1521.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1521

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-132                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1200
_____

IN RE: MICHAEL EUGENE HODGE,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 06-cv-01622)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
February 23, 2007

Before: Sloviter, Chagares and Nygaard, Circuit Judges.

(Filed: March 6, 2007)

_____

OPINION
_____

PER CURIAM

Michael Eugene Hodge petitions this Court for a writ of mandamus ordering the

United States District Court for the Middle District of Pennsylvania to appoint counsel to

assist him in his pending civil rights action. Because Hodge has not demonstrated that he

is entitled to such relief, we will deny his petition.

Hodge submitted his mandamus petition shortly after the District Court dismissed

his appeal of the Magistrate Judge's denial of his motion for appointment of counsel. He argues that he is entitled to mandamus relief because the Magistrate Judge abused his discretion by not appointing counsel. A writ of mandamus is an extraordinary remedy that will issue only where the petitioner has no alternate means of obtaining the desired relief and entitlement to the writ is clear and indisputable. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). For instance, "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Id. at 77. Upon reviewing the record, we conclude that Hodge has not shown extraordinary circumstances justifying mandamus relief. To the extent that he is seeking immediate appellate review of the challenged orders, we note that they are not appealable until the District Court enters a final judgment. See 28 U.S.C. § 1291; Smith-Bey v. Petsock, 741 F.2d 22, 23-26 (3d Cir. 1984). Finally, we deny the motion for counsel Hodge filed in this Court.[1]

---

[1] Because it was not initially clear whether Hodge intended an appeal or a mandamus petition, the case was listed in the alternative for possible dismissal under 28 U.S.C. § 1915(e). We have since determined that this is indeed a mandamus petition and, thus, do not dismiss the action under § 1915(e).